*Chen v. Lynch*

BIA
Segal, IJ
A201 139 864

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>                *Chief Judge*,
>        JON O. NEWMAN,
>        PETER W. HALL,
>                *Circuit Judges.*

_____

RU CHEN,
>        *Petitioner*,

>        v.                                              14-1111
>                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:                Dehai Zhang, New York, NY.

FOR RESPONDENT:                    Joyce R. Branda, Acting Assistant
                                   Attorney General; Cindy S. Ferrier,
                                   Assistant Director; Kimberly A.
                                   Burdge, Trial Attorney, Office of
                                   Immigration Litigation, Civil
                                   Division, United States Department
                                   of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ru Chen, a native and citizen of China, seeks review of a March 27, 2014, decision of the BIA affirming an August 28, 2012, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ru Chen,* No. A201 139 864 (B.I.A. Mar. 27, 2014), *aff'g* No. A201 139 864 (Immig. Ct. N.Y.C. Aug. 28, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed "the decision of the IJ as supplemented by the BIA."  *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable

2

standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

For asylum applications, like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the IJ's finding that Chen was not credible.

The IJ's credibility determination was properly based on the inconsistencies in Chen's written application and testimony regarding when she wrote and published articles for the Democracy Party of China ("CDP").  Chen testified that she wrote five articles for the CDP: four of them were written

3

between May 4, 2011 and April 1, 2012, and no date was given for the fifth. But her application, which listed her articles as a reason for her fear of persecution in China, was filed in April 2011, before any of the articles were published. The IJ gave Chen two opportunities to explain this discrepancy. Chen gave varied responses, including that: she was nervous; a May 2011 date was a mistake by the people who posted the article online; she wrote her first article in April 2011 and did not know when it was published; the website on which some of the articles were published had been hacked and thus the articles' publication dates were not verifiable; and the articles were posted by volunteers, so the time it took for articles to be published varied. The agency was not required to credit these explanations because the record makes it plausible that Chen was simply suggesting various possible explanations, as opposed to stating the actual reason for the discrepancy. See *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, Chen's application stated that her articles were "published," not that publication was pending or forthcoming. As such, even

4

if an article had been written but not published in April 2011, it would do little, if anything, to resolve the discrepancy.

Nor did Chen establish that the IJ should have done more to develop the record. The two cases on which she relies are not relevant here. First, *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 156 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't. of* Justice, 494 F.3d 296 (2d Cir. 2007), merely questions whether an IJ has a duty to assist counseled applicants (like Chen) to develop their cases. The second, *Zhi Wei Pang v. Bureau of Citizenship and Immigration Services*, 448 F.3d 102, 111 (2d Cir. 2006), held that an IJ had not fulfilled this duty where the adverse credibility finding was based on speculative discrepancies that the IJ could have resolved by requesting explanation. Here, the discrepancies are not speculative. Even if the CDP had trouble publishing Chen's first article, her application alleged publication of multiple articles, and yet the dates she gave at her hearing post-dated her application, thereby undermining the basis of her fear of persecution.

Chen also appears to argue that the IJ violated her duty to develop the record in rejecting Chen's claim that a photograph in one of the articles was sufficiently clear for a viewer to identify Chen. Chen alleged that the Government had a clearer copy, but did not present it to the IJ. Chen, however, does not identify evidence of a clearer copy or evidence that the IJ knew of such a copy. And in any event, the IJ's credibility determination was not based on the clarity of the photograph.

The "totality of the circumstances" supports the IJ's decision because it cannot be said that "no reasonable fact finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The discrepancies relate to the sole basis for Chen's fear of future persecution, her contention that she has engaged in pro-democracy activities in the United States that will put her at risk of persecution for her political opinion. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that an "inconsistency afforded substantial evidence to support the adverse credibility finding" where it was "'a material inconsistency in an aspect

6

of [petitioner's] story that served as an example of the very persecution from which he sought asylum'" (quoting *Majidi*, 430 F.3d at 80)). Because all of Chen's claims share the same factual predicate, the adverse credibility determination is dispositive of Chen's claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7